THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v.
AUGUSTO MERCADO, ETC., Defendant and Appellant.

No. 7694. Argued May 29, 1939.—Decided May 31, 1939.

*Augusto Mercado* in his own behalf. *R. A. Gómez, Prosecuting At-
torney,* and *Luis Janer, Assistant Prosecuting. Attorney,* for ap-
pellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
Court .

On October 6, 1938, the District Attorney of Ponce filed
an information against Augusto Mercado, known as Augusto
Morales Mercado, charging him with a subsequent offense of
burglary in the first degree.

Concerning the arraingment, all that appears in the rec-
ord transcribed from the minutes of the court, is the follow-
ing:

*"Plea of defendant.*—When these cases set for today were called,.
the defendants appeared personally, without counsel. When the in-
formations were read the defendants pleaded not guilty and requested

trial by jury. The court ordered the delivery to them of copies of the informations, and the cases were left pending, to be set for trial in due course. The court ratified the bonds fixed by the district attorney."

After the hearing before a jury, on February 3, 1939, the following verdict was rendered:

"We, the Jury, find defendant Augusto Mercado, known as Augusto Morales Mercado, guilty of the crime he is charged with, and find the charge that he was convicted to be true.—Ponce, P. R., February 3, 1939. (Sgd.) Jaime Blaymayer, foreman."

The defendant filed a motion for a new trial. Among the grounds urged therefor, is the one that he was not represented by counsel. The court decided the motion and rendered judgment thus:

"When this case was called for hearing on motion for a new trial filed by the defendant, The People appeared through District Attorney P. Rodríguez Serra and the defendant appeared personally, without counsel. The said motion was read, and when the same was being argued, Attorney M. Bahamonde intervened as *amicus curiae*. Attorney Bahamonde objected to the phrase appearing in the verdict of the jury 'and find the charge that he was convicted to be true', on the ground that it did not contain the word 'previously' and that, therefore, the verdict merely finds the defendant guilty of burglary in the first degree. The court, after the question was argued, overruled the motion for a new trial and sustained the objection to the verdict and considered it as merely convicting the defendant of burglary in the first degree. The defendant was then asked whether he had any reason why he should not be sentenced today, and the defendant said he had none, and as no legal grounds exist, in the opinion of the court, why it should not be done; the court sentenced said Augusto Mercado, known as Augusto Morales Mercado, to five years in prison, at hard labor, and without costs."

Immediately the defendant complained of the judgment rendered and appealed to this court. On May 1, he filed a handwritten brief that he sent through the Warden of the District Jail of Ponce, where he is being held for failure to furnish bond, and on the following day the hearing of the

appeal was set for May 29. Only the prosecuting attorney was present at the hearing.

In his brief the appellant insists that he was judged and convicted without his constitutional right to be assisted by counsel having been acknowledged, and that he never waived it. The prosecuting attorney brought to our attention the several times that the accused had defended himself, and that he had shown certain intelligence and knowledge in doing so. His purpose was to put this court in a position to decide whether this was a case in which the implied waiver of counsel was consciously made. He also stated he would be in accord should the court reverse the. judgment.

 The law is clear. The Bill of Rights of our Organic Act, appearing in its second Section, takes up seven of its first eight paragraphs to consecrate the rights of the citizens concerning the deprivation of their life or liberty, as follows:

"Section 2.—That no law shall be enacted in Porto Rico which shall deprive any person of life, liberty, or property without due process of law, or deny to any person therein the equal protection of the laws.

"That in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense, to be informed of the nature and cause of the accusation, to have a copy thereof, to have a speedy and public trial, to be confronted· with the witnesses against him, and to have compulsory process for obtaining witnesses in his favor.

"That no person shall be held to answer for a criminal offense without due process of law; and no person for the same offense shall by twice put in jeopardy of punishment, nor shall be compelled in any criminal case to be a witness against himself.

"That all persons shall before conviction be bailable by sufficient sureties, except for capital offenses when the proof is evident or the presumption great.

. . . . . . . . . .

"That no person shall be imprisoned for debt.

"That the privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion, insurrection, or invasion

the public safety may require it, in either of which events the same may be suspended by the President, or by the Governor, whenever during such period the necessity for such suspension shall exist.

"That no *ex post facto* law or bill of attainder shall be enacted."

And the Code of Criminal Procedure provides in Section 141:

"If the defendant appears for arraignment without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court must assign to defend him."

The Act of March 9, 1905 (Session Laws, page 209) concerning the appointment of judicial defenders in criminal cases makes such appointments compulsory in prosecutions of "charges involving the death penalty or imprisonment for life" if it should appear that he has none and his financial resources could not warrant such appointment, and an appointment in other cases rests in the discretion of the court.

Therefore, it is mandatory that the court should act in a certain fashion, warning each defendant appearing without counsel of his right to have one. In order to duly exercise its discretion the court must be familiar with all the attendant circumstances. And even to accept his waiver the court must be fully convinced that the defendant acted intelligently, that is, consciously, while in a position to defend himself.

The cases are many. The recent decision of the United States Supreme Court in the case of *Johnson* v. *Zerbst,* 304 U. S. 458, revived the importance of that right and gave it life; and the subsequent decisions of this Court inspired in that one—*Ex parte Hernández Laureano, ante,* page _____; *People* v. *Rosario Matta* and *People* v. *Rodríguez Cordero,* decided both on last March 27 and 28 (*per curiam*) and *Santiago* v. *District Court of San Juan, ante,* page ____ leave no doubts in this respect to the existence and extension of the

right that the legislator placed in the hands of the defendants, under the custody of the very courts of justice.

The omission in this case is evident. The defendant was not only not told of his right when the information was read to him, but was allowed to go to trial charged with a technical crime, without the assistance of counsel.

In spite of its shortness—five pages—the transcript of the evidence shows the importance of having counsel. In the motion for a new trial, the verdict was not attacked. An attorney who chanced to be at the court when the motion was heard voluntarily argued it, and was successful.

We are not considering the substantial justice of the judgment. Perhaps, even though he had been assisted by the most competent of attorneys, no other judgment could have been rendered. What we are dealing with is something that precedes the trial: the acknowledgment of a substantial right which is a part of our institutions, which institutions confer upon the public power all the force and efficacy required for the maintenance of order and for the administration of justice and in turn acknowledge the rights of man and grant him all the guaranties required to secure him those rights; so that, when the most forgotten citizen must face the most powerful or the strongest social-governmental agency, there should arise a struggle without advantages on either side, a judicial controversy public, open and unbiased.

It is not that the criminal should not be prosecuted or punished. It is that that power and that duty should be exercised in accordance with the provision that governs equally as to the government and as to the citizen. And herein that provision was not complied with. And it was alleged. And it should have been acknowledged.

Therefore, the judgment appealed from is reversed and the new trial prayed for by defendant is granted.